UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THAN VAN PHAM,<br>Petitioner,<br>v.<br>FERETI SEMAIA, et al.,<br>Respondents. | Case No. 5:26-cv-06359-SVW-SSC<br><br>MEMORANDUM AND ORDER GRANTING UNOPPOSED HABEAS PETITION |

**I**

On October 27, 2026, Petitioner Than Van Pham filed a counseled petition for writ of habeas corpus by a person in federal custody pursuant to 28 U.S.C. § 2241. (ECF 1.) Petitioner is a citizen of Vietnam currently detained by Immigration and Customs Enforcement (ICE) at the Adelanto ICE Processing Center in Adelanto, California. (*Id.* at 3, 6.) He was detained at an ICE check-in on May 11, 2026. (*Id.* at 4.)

This is Petitioner's second petition. The court denied Petitioner's first petition, finding that Petitioner—who was detained for less than six months and was provided regulatorily required notice and an informal interview—had failed to show that his detention violated due process. *Pham v. Giles*, No. 5:26-cv-02981-SVW-SSC, Dkt. Nos. 13, 17, 18 (C.D. Cal. filed July 27, 2026). The facts relevant here were

summarized in the Report and Recommendation recommending denying the first petition. *Id.* at Dkt. No. 13 at 1–3.

In this new petition, Petitioner brings the same four claims as in his first: (1) violation of due process under the Fifth Amendment because "there is no significant likelihood of removal in the reasonably foreseeable future"; (2) third-country removal in violation of 8 U.S.C. § 1231, Convention Against Torture, implementing regulations, and the Administrative Procedures Act (APA); (3) unlawful detention in violation of the Fifth Amendment Due Process Clause, Immigration and Nationality Act (INA), 8 CFR §§ 241.13 and 241.4, and the APA because "Respondents violated governing regulations for revoking Petitioner's Order of Supervision"; and (4) punitive third-country banishment in violation of the Fifth and Eighth Amendments. (ECF 1 at 23–28.)

The petition seeks release. (*Id.* at 29.) The petition also seeks to enjoin Respondents from: re-detaining Petitioner "without first following the statutory and regulatory procedures for revocation of release and without first obtaining agreement from the country of removal and obtaining travel documents"; removing Petitioner to a third country "without notice and a meaningful opportunity to respond in compliance with the statute and due process in reopened removal proceedings"; or removing Petitioner to any third country "because Respondent's third-country removal program seeks to impose unconstitutional punishment on its subjects, including imprisonment and other forms of harm." (*Id.*) The petition also requests attorney's fees under the Equal Access to Justice Act. (*Id.* at 29–30.)

Respondents filed an answer to the petition, stating that they "are not presenting an opposition argument at this time." (ECF 9 at 2.)

The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15.

**II**

Relief in the form of a writ of habeas corpus may be granted to a person in custody under the authority of the United States if the petitioner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). The writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004).

**III**

Petitioner challenges his continued detention as unlawful under *Zadvydas* and violating the Fifth Amendment's Due Process Clause because there is no significant likelihood of his removal in the reasonably foreseeable future. (ECF 1 at 12, 23.)

**A**

Section 241 of the Immigration and Nationality Act, which is codified at 8 U.S.C. § 1231, sets forth the government's authority to detain noncitizens[1] with a final order of removal. Under that section as currently written, "when [a noncitizen] is ordered removed, the

---

[1] Under the Immigration and Nationality Act (INA), the term "alien" means "any person not a citizen or national of the United States." 8 U.S.C. § 1101(a)(3). Following the lead of the U.S. Supreme Court and the Ninth Circuit, the Court uses the term "noncitizen" in place of "alien." *See Patel v. Garland*, 596 U.S. 328 (2022) (Barrett, J.); *United States v. Palomar-Santiago*, 593 U.S. 321 (2021) (Sotomayor, J.); *Barton v. Barr*, 590 U.S. 222, 226 n.2 (2020) (Kavanaugh, J.) ("This opinion uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" (citing 8 U.S.C. § 1101(a)(3))); *Avilez v. Garland*, 69 F.4th 525 (9th Cir. 2023); *Arce v. United States*, 899 F.3d 796 (9th Cir. 2018).

Attorney General shall remove the [noncitizen] from the United States within a period of 90 days[.]" 8 U.S.C. § 1231(a)(1)(A). During this 90-day removal period, the Attorney General is required to detain the noncitizen for the purpose of effectuating the noncitizen's removal. *See* § 1231(a)(2)(A). When removal is not completed within that time, certain categories of removable noncitizens "may be detained beyond the removal period[.]" § 1231(a)(6).

Although § 1231(a)(6) does not specify a time limit on the length of such detention, in *Zadvydas*, the Supreme Court held that § 1231(a)(6), "read in light of the Constitution's demands, limits [a noncitizen's] post-removal-period detention to a period reasonably necessary to bring about that [noncitizen's] removal from the United States." *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). "After this 6-month period, once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701. If the government sufficiently rebuts this showing, the noncitizen may be detained "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699.

**B**

Petitioner has presented good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. Petitioner has been detained since May 11, 2026 and asserts that his detention is "beyond the 90-day removal period authorized by 8 U.S.C. § 1231(a)[.]" (ECF 1 at 2.) Petitioner arrived in the United States

before July 12, 1995 and "Vietnam has historically not accepted deportees from the United States who arrived" prior to that date. (*Id.* at 3, 10.) He has no ties to Vietnam, nor a passport or a travel document. (*Id.* at 10.) He provides that the Memorandum of Understanding signed between the United States and Vietnam in 2020 includes factors dictating "which categories of people may be deported to Vietnam[,]" and that he is "not in a category that can be deported to Vietnam." (*Id.* at 10–11.) As to removal to a third country, Petitioner alleges that ICE has been unable to "identify a third country willing to accept him." (*Id.* at 10.) Thus, he argues that the government has been unable to effectuate his removal because "[n]o third country has agreed to accept him, and there is no indication that his removal to Vietnam or any other country will be possible in the reasonably foreseeable future." (*Id.* at 4, 23.)

Respondents have not rebutted this showing as the answer states: "Respondents are not presenting an opposition argument at this time." (ECF 9 at 2.) Given Respondents' failure to provide a substantive response the Court is left with only the facts presented in the petition.[2] With no facts in opposition from Respondents, the Court agrees with Petitioner that Respondents have not shown that there is a significant

---

[2] "In our adversarial system of adjudication, we follow the principle of party presentation" meaning that "in both civil and criminal cases, in the first instance and on appeal . . . we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *United States v. Sineneng Smith*, 590 U.S. 371, 375 (2020) (citation modified). Further, "as a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." *Id.* at 375–76 (citation modified).

likelihood of removal in the reasonably foreseeable future and grants the petition for writ of habeas corpus, and orders Petitioner's release.[3]

---

[3] Because the Court grants the petition on the due process claim under *Zadvydas* and orders Petitioner's immediate release, the Court finds it is not necessary to consider Petitioner's other claims. *C.f. E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1318 n.1 (W.D. Wash. 2025) ("Because the Court finds that [procedural due process] supports granting the petition, the Court need not address Petitioner's alternative arguments.").

***

Accordingly, the Court ORDERS THAT the writ of habeas corpus is GRANTED as to the first claim for relief, and Respondents must immediately release Petitioner **Than Van Pham (A# 026-637-061)** from ICE custody.[4] Judgment shall be entered accordingly.

IT IS SO ORDERED.
#

Dated: November 4, 2026

HONORABLE STEPHEN V. WILSON
United States District Judge

Presented by:

STEPHANIE S. CHRISTENSEN
United States Magistrate Judge

---

[4] As for Petitioner's further requested relief, the Court declines to impose prospective injunctive relief. *See Alfaro Siguenza v. Hernandez*, No. C26-2670-SKV, 2026 WL 2587980, at *6 (W.D. Wash. Aug. 27, 2026) ("the Court does not find Petitioner has shown she faces a "cognizable danger of recurrent violation""). To recover prevailing-party fees under the Equal Access to Justice Act (EAJA), counsel must file a separate motion for such fees within thirty days of final judgment in the action. *See* 28 U.S.C. § 2412(d); *Perez-Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002). The Supreme Court recently granted certiorari to decide if the EAJA applies to an action seeking a writ of habeas corpus to challenge civil immigration detention. *See Palacios v. Liggins*, No. 25-1223, 2026 WL 1855057, at *1 (U.S. June 29, 2026).